UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KATRINA DANSBY,

               Plaintiff,

    v.

KRISTEN BLEIWEIS, MCCALLA RAYMER LEIBERT PIERCE LLC, PACIFIC UNION FINANCIAL, and JUDGE WALTER KOPROWSKI,

               Defendants.

Civil Action No. 23-00403 (JXN) (MAH)

**OPINION**

**NEALS**, District Judge

    This matter comes before the Court on two unopposed motions to dismiss filed by (1) Defendants Kristen Bleiweis, Esq. ("Bleiweis"), McCalla Raymer Leibert Pierce LLC ("McCalla Raymer"), and Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), successor in interest to Pacific Union Financial Corp. ("Pacific")[1] (the "Foreclosure Defendants") (ECF No. 18); and (2) the Honorable Walter Koprowski, P.J.Ch. ("Judge Koprowski") (ECF No. 20), (hereinafter, the Foreclosure Defendants and Judge Koprowski are collectively referred to as "Defendants"). Defendants move to dismiss *pro se* Plaintiff Katrina Dansby's ("Dansby" or Plaintiff") Complaint for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff did not file a brief in opposition to either motion. The Court has carefully considered the parties' submissions (Plaintiff's Complaint and Defendants' motions to dismiss) and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' motions to dismiss are **GRANTED.**

---

[1] Defendant Pacific acquired the interest of Nationstar. Nationstar is referred to interchangeably with Pacific.

I.  **BACKGROUND**

This matter arises from a foreclosure action that was instituted against Plaintiff in the New Jersey Superior Court under Docket No. F-016054-16 (the "Foreclosure Action") involving a residential property located at 261 Rutledge Avenue East Orange, New Jersey, 07017 (the "Property"). (Bleiweis Br. at 5-6, ECF No. 18-26; Declaration of Harold L. Kofman, Esq. ("Kofman Decl."), ECF No. 18-1, Ex. B, ECF No. 18-3.)

On June 6, 2016, Nationstar, represented by McCalla Raymer and Bleiweis, commenced the foreclosure action against Dansby. (Compl. at 5, ECF No. 1; Kofman Decl., Ex. C.) Dansby did not file an answer, and Final Judgment was entered in favor of Nationstar on October 23, 2017. (Kofman Decl., Ex. E, ECF No. 18-6.) Dansby, asserting that Nationstar lacked standing to commence the Foreclosure Action, unsuccessfully challenged the Final Judgment. (*Id.*, Ex. F, ECF No. 18-7.)

On July 3, 2018, the Sheriff conducted the foreclosure sale, and Nationstar acquired the property. (*Id.*, Ex. H, ECF No. 18-9 and Ex. I, ECF No. 18-10.) Dansby unsuccessfully challenged the Sheriff's Sale. (*Id.*, Ex J, ECF No. 18-11, Ex. K, ECF No. 18-12, Ex. L, ECF No. 18-13.)

Again, on January 30, 2020, challenging Nationstar's standing, Dansby commenced a Quiet Title action in the Superior Court of New Jersey, Chancery Division, Essex County, under Docket No. C-21-20. (*See* Bleiweis Br. at 7; Kofman Decl., Ex. O.) On July 24, 2020, the Court dismissed the Quiet Title Action with prejudice, with the Appellate Division affirming the decision. (Kofman Decl., Ex. R, ECF No. 18-18 and Ex. S, ECF No. 18-19.)

While the Quiet Title action was pending, on February 12, 2020, Dansby filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of New Jersey, entitled *In re Katrina Dansby*. (Kofman Decl., Ex. T, ECF No. 18-20.) Dansby reaffirmed her debt under the Mortgage Loan in the bankruptcy action. (*Id.*) Then, on April 23, 2020, Dansby commenced an

adversary proceeding in the United States Bankruptcy Court, District of New Jersey, entitled *Katrina Dansby v. Pacific Union Financial, LLC, et al.*, Case No. 20-12391 (the "Adversary Proceeding"). (*Id.*, Ex. V, ECF No. 18-22.) On May 7, 2020, the Bankruptcy Court vacated the automatic stay as to Nationstar. (*Id.*, Ex. U, ECF No. 18-21.) On June 26, 2020, the Bankruptcy Court dismissed the Adversary Proceeding as well. (*Id.*, Ex. W, ECF No. 18-23.)

On July 21, 2022, Dansby filed a Certification in support of her application to stay the eviction in the initial Foreclosure Action. (*See* Bleiweis Br. at 7; Kofman Decl., Ex. M, ECF No. 18-14.) In an order signed by Judge Koprowski, the Court denied Dansby's application to stay, and she was subsequently evicted from the Property in February 2023. (Kofman Decl., Ex. N, ECF No. 18-15.)

On January 24, 2023, Dansby commenced two new actions. The first was filed in the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-00009-23 (the "State Court Action"). (*Id.,* Ex. X, ECF No. 18-24.) The second is this federal civil action against the Foreclosure Defendants and Judge Koprowski. (*See generally* Compl.) In her federal Complaint, Plaintiff challenges the Foreclosure Action, Nationstar's standing, and many of the events that led to her eviction from the Property. (Compl. at 3-8.) Plaintiff asserts several causes of action, including (1) violation of 42 U.S.C. § 1983; (2) violation of due process; (3) conspiracy to commit real estate deed fraud; (4) forgery; (5) wrongful foreclosure; (6) breach of contract; (7) real estate deed fraud; (8) obstruction of the administration of justice; (9) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), (10) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*.; (11) slander of title; (12) slander of credit; and (13) intentional infliction of emotional distress. (*Id.* at 9-16*)* Plaintiff claims that as a result of Defendants' actions, she has suffered "mental anguish associated with living with the consequences of the defendant's negligence, loss income, damaged credit score, and

embarrassment" (*Id.* at 16.) Plaintiff seeks "compensatory," "consequential," and "general damages" and an award of punitive damages. (*Id.*)

On April 28, 2023, the Foreclosure Defendants filed the instant motion to dismiss, arguing that Dansby's Complaint should be dismissed for lack of subject matter jurisdiction, pursuant to 12(b)(1) or for failure to state a claim upon which relief can be granted, pursuant to 12(b)(6). (ECF No. 18.) On June 20, 2023, Judge Koprowski filed a separate motion to dismiss, arguing that Dansby's Complaint fails as a matter of law and must be dismissed, pursuant to 12(b)(1) and 12(b)(6). (ECF No. 20.) Dansby did not file a brief opposing either motion.[2] Accordingly, this Court reviews the motions as unopposed.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

In deciding a motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed. *Harrell v. Wells Fargo Bank, N.A.*, No. CV 19-01417 (JMV), 2019 WL 7207490, at *5 (D.N.J. Dec. 27, 2019). A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angle's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

---

[2] The deadlines for Dansby to file opposition papers to the Foreclosure Defendants' and Judge Koproswki's motions were May 22, 2023, and July 3, 2023, respectively. To date, Plaintiff has not submitted an opposition to either motion or requested an extension of the deadlines to oppose the motions.

4

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the Plaintiff to prove that the Court has jurisdiction. *Id*.

### A. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2022 WL 2871195, at *3 (D.N.J. July 21, 2022) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002)). Notwithstanding the Court's liberal interpretation, a complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be

5

construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013)

### III.  DISCUSSION

#### A.  The Foreclosure Defendants' Motion to Dismiss

In their motion, the Foreclosure Defendants assert that each of Dansby's claims, which are identical to the claims pending in the State Court Action, are related to the Plaintiff's Mortgage Loan and the underlying Foreclosure Action. (Bleiweis Br. at 9.) The Foreclosure Defendants move to dismiss Plaintiff's claims under two theories: (1) Plaintiff's Complaint is barred by the *Rooker-Feldman* Doctrine, *Colorado River* Abstention Doctrine, *res judicata*, collateral estoppel, and New Jersey's Entire Controversy Doctrine (*id.* at 10-16, 18-24), and (2) Plaintiff fails to state a valid claim for relief under Federal Rule 12(b)(6) (*id*. at 17-18.) Because the Court concludes that it lacks subject matter jurisdiction under the Foreclosure Defendants' first theory, it declines to consider the Foreclosure Defendants' second theory. As is appropriate on a motion to dismiss, the Court, in part, relies on matters of public record in the underlying state foreclosure action.[3]

##### i.  *Rooker-Feldman Doctrine*

The *Rooker-Feldman* doctrine precludes this Court from hearing Dansby's claims that directly challenge the State Superior Court's foreclosure action. Accordingly, this Court lacks subject-matter jurisdiction to adjudicate the claims asserted by Plaintiff in her Complaint.

A federal district court does not sit to hear appeals from state court judgments. *Rooker-Feldman* operates to prevent a disgruntled party in state court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error. *See also B.S. v.*

---

[3] This Court takes judicial notice of the pleadings filed in the Superior Court of New Jersey. *See Fraize v. Ginnie Mae*, 2016 U.S. Dist. LEXIS 32489, * 6 (D.N.J. March 14, 2016). Further, the Court considers the State Court records without converting this Rule 12(b)(1) challenge into a factual dispute or converting a Rule 12(b)(6) motion into a summary judgment motion. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

*Somerset County*, 704 F.3d 250 (3d Cir. 2013). To put it another way, *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005).

"The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). The *Rooker-Feldman* doctrine prevents a suit from going forward in federal court when (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) the judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Requests for federal courts "to overturn or negate [a] Final Foreclosure Judgment issued by [a state court]" are "plainly barred by the *Rooker-Feldman* doctrine." *Pitts v. Bayview Loan Servicing, LLC*, No. 18-cv-633, 2018 WL 6243037, at *4 (D.N.J. Nov. 29, 2018); *see also Kajla v. U.S. Bank Nat'l Ass'n for Credit Suisse First Bos. MBS ARMT 2005-8*, No. 17-cv-8953, 2018 WL 1128498, at *4 (D.N.J. Mar. 1, 2018) ("In the foreclosure context, the Third Circuit has repeatedly found that *Rooker-Feldman* bars a plaintiff's federal claims seeking redress of a state court foreclosure judgment.") (collecting cases).

Here, all four elements are met. First, Dansby's interest in the Property was extinguished on October 23, 2017, when the State Court entered final judgment in Nationstar's favor. (*See* Bleiweis Br., Ex. E.) Moreover, Dansby unsuccessfully challenged the judgment Order in State Court, and it does not appear that she ever filed an appeal with the New Jersey Appellate Division.

7

(*See* Bleiweis Br., Ex. F.) Second, the relief that Dansby seeks in this Court relates directly to the Foreclosure Action. Indeed, the injuries Dansby complains of are the loss of the Property and income, as well as "stress," "loss of sleep," and "chronic pain and physical dysfunction" caused by the foreclosure proceedings. (*See* Compl. at 13-14.) Third, Dansby filed this federal action on January 24, 2023, more than five years after the State Court's judgment. Thus, the State Court judgment was unequivocally issued before Dansby filed this suit. (*See* Bleiweis Br., Ex. E.) Fourth, Dansby, arguing that Nationstar lacked standing in the underlying Foreclosure Action, seeks to obtain relief from this Court, notwithstanding the State Court's judgment to the contrary. (Compl. at 13.) Consequently, the Court finds that each of Plaintiff's claims are barred under *Rooker–Feldman* because they are "inextricably intertwined" with the State Court's final judgment in favor of the Foreclosure Defendants. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (holding that *Rooker-Feldman* barred the district court from hearing claims that would negate a State Court judgment in foreclosure action); *Francis v. TD Bank, N.A.*, 2013 WL 4675398, at *4 (D.N.J. Aug. 30, 2013), *aff'd*, 597 F. App'x 58 (3d Cir. 2014) (holding that when a federal court's ruling "would effectively overturn the State Court's determination that [a] foreclosure could proceed," the plaintiff's claims are so "inextricably intertwined with the State Court's grant of summary judgment" that they must be dismissed under the *Rooker-Feldman* doctrine). Moreover, to the extent that Plaintiff's claims ask this Court to redress an injury caused by the State Court judgment, the *Rooker–Feldman* Doctrine also bars Plaintiff's claims. *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152–53 (3d Cir. 2008). The *Rooker–Feldman* Doctrine prohibits lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (internal citation omitted).

### ii. *Colorado River* Abstention Doctrine

Simultaneously with the filing of this action, Dansby filed a virtually identical action in the State Court. (*See* Kofman Decl., Ex. X.) Thus, pursuant to controlling law, this Court will abstain from hearing this action where Dansby chose to bring identical claims concurrently in state court.

The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing State Court proceeding. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). The doctrine is to be narrowly applied in light of the general principle that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); see also *Colorado River*, 424 U.S. at 813. Whether abstention is appropriate is a two-part inquiry. The initial question is whether there is a parallel state proceeding that raises "substantially identical claims [and] nearly identical allegations and issues." *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005). If the proceedings are parallel, as is the case here, courts then look to a multi-factor test to determine whether "extraordinary circumstances" meriting abstention are present. *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999).

In determining whether an action presents "extraordinary circumstances," the Court considers six factors: "(1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the State Court will adequately protect the interests of the parties." *Spring City*, 193 F.3d at 171. "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. The balancing of factors is

"heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).

Here, because Dansby filed both matters on January 24, 2023, the first and fourth factors are neutral. (*See* Bleiweis Br. at 15; Kofman Decl., Ex. X.) In regard to the second factor, the federal forum in Newark would not greatly inconvenience either party, as it is located less than one mile from the state courthouse.

With respect to the third factor, the Third Circuit has held that "the 'avoidance of piecemeal litigation' factor is met . . . only when there is evidence of a strong federal policy that all claims should be tried in the state courts." *Ryan v. Johnson*, 115 F.3d at 197-98 (3d Cir. 1997). It has stressed that "there must be a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review." *Id*. at 198. Here, the Foreclosure Defendants have not pointed to any congressional policy against piecemeal litigation in the specific context of this case. (*See* Bleiweis Br. at 15-16.) Accordingly, the avoidance of piecemeal litigation does not support abstention.

The fifth factor—whether federal or state law controls—also weighs against abstention. "Although in some rare circumstances, the presence of state-law issues may weigh in favor of that surrender, . . . the presence of federal-law issues must always be a major consideration weighing against surrender." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26. Here, Dansby filed both federal and state claims. The presence of Dansby's federal claims weighs against abstention. (*See* Compl. at 9.)

The sixth factor—whether the state court will adequately protect the interests of the parties—also weighs against abstention. The Foreclosure Defendants argue that Dansby's interests will be sufficiently protected in the State Court Action, which strongly weighs in favor of abstention. (*See* Bleiweis Br. at 16.) Yet, the mere fact that the state forum is adequate does not

counsel in favor of abstention, given the heavy presumption the United States Supreme Court has enunciated in favor of exercising federal jurisdiction. Instead, this factor is normally relevant only when the state forum is inadequate. *Ryan,* 115 F.3d at 200. When the state court is adequate, however, the factor carries little weight. *See Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986). In sum, this case does not satisfy the exceptional circumstances standard. Accordingly, the abstention under *Colorado River* is not a proper basis for dismissal.

Because the Court has already determined that it is divested of subject matter jurisdiction under the *Rooker-Feldman* Doctrine and that abstention is proper under *Colorado River*, it will not address the Foreclosure Defendants' remaining arguments.

### B.  Judge Koprowski's Motion to Dismiss

The Complaint appears to lodge three claims against Judge Koprowski: (1) violation of due process; (2) obstruction of the administration of justice; and (3) slander of title. (*See* Compl. ¶¶ 55, 65-66.) Judge Koprowski asserts that Dansby's claims against him must be dismissed as a matter of law pursuant to both Federal Rule 12(b)(1) and 12(b)(6). Judge Koprowski moves to dismiss these claims based on (1) immunity under the Eleventh Amendment; (2) the Doctrine of Absolute Judicial Immunity; (3) the fact that Judge Koprowski is not a person amendable to suit; and (4) Plaintiff's Complaint fails to state a valid claim for relief. (Judge Koprowski Br. at 5-14.) Unlike the other named defendants named in this suit, the Court need not address whether Dansby's claims against a State Court judge are barred by the *Rooker-Feldman* doctrine because Judge Koprowski is entitled to judicial immunity from her claims. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 277 (3d Cir. 2016) (the court may bypass jurisdictional issues to dismiss on non-merits grounds).

Following the Supreme Court's guidance, the lower courts "must engage in a two-part inquiry to determine whether judicial immunity is applicable." *See Gallas v. Supreme Court*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed.

11

2d 9 (1991)). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* "With respect to the first inquiry, the factors determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 768-69 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)). The courts must "'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts." *Id.* at 769 (quoting *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988). "With respect to the second inquiry, we must distinguish between acts in the "clear absence of all jurisdiction," which do not enjoy the protection of absolute immunity, and acts that are merely in "excess of jurisdiction," which do enjoy that protection" *Id.* at 769 (citing *Stump*, 435 U.S. at 356 n.6.) "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57).

Here, it appears that the only allegations aimed at Judge Koprowski are that he "obstructed the administration of justice" by "record[ing] various documents" relating to the underlying Foreclosure Action. (*See* Compl. at 12-13.) Dansby's claims against Judge Koprowski clearly arise from his issuance of an order denying Dansby's motion to stay the eviction —an order that was clearly a judicial act and was not made in the absence of jurisdiction. *See Gallas*, 211 F.3d at 768-69. Accordingly, the Court concludes that the challenged actions of Judge Koprowski constituted judicial acts. Dansby's claims, therefore, are barred by judicial immunity.

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116–17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. Because, here, the deficiencies in Plaintiff's Complaint cannot be cured through amended pleadings, the Court finds that any future amendment would be futile.

Based on the foregoing, because judicial immunity insulates judges from liability, Dansby's claims against Judge Koprowski will be dismissed with prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Foreclosure Defendants' motion to dismiss (ECF No. 18) and Judge Koprowski's motion to dismiss (ECF No. 20) are **GRANTED**. Additionally, the Court finds that any amendment to the Complaint would be futile. Therefore, Dansby's Complaint is **DISMISSED**, in its entirety, **with prejudice**. An appropriate Order accompanies this Opinion.

**Dated**: March 13, 2024

JULIEN XAVIER NEALS
United States District Judge

13